# United States District Court
## for the
# District of Alaska

Supplemental Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: Xavier Benson | Case Number: A04-024 CR (JWS) |

Sentencing Judicial Officer:　　John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:　　July 7, 2004

Original Offense:　　Felon in Possession of a Firearm

Original Sentence:　　15 months jail, three years supervised release

Date Supervision Commenced:　　November 1, 2005

Asst. U.S. Attorney: Stephan Collins　　Defense Attorney: T. Burk Wonnell

## PETITIONING THE COURT

[X]　To issue a warrant **(Defendant currently in custody)**
[ ]　To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | The defendant has violated a Mandatory Condition "The defendant shall not commit another federal, state, or local crime" in that on February 1, 2006, the defendant was in possession of a .30 caliber M-1 carbine firearm in violation of 18 U.S.C. § 922(g). This violation is a Grade B violation. |
| 5 | The defendant has violated a Mandatory Condition "The defendant shall not commit another federal, state, or local crime" in that on February 1, 2006, the defendant was in possession of a Smith & Wesson revolver firearm in violation of 18 U.S.C. § 922(g). This violation is a Grade B violation. |
| 6 | The defendant has violated a Mandatory Condition "The defendant shall not commit another federal, state, or local crime" in that on February 1, 2006, the defendant was in possession of cocaine in violation of Alaska Statute 11.71.040(a)(3)(6), a C felony with a maximum of five years prison. This violation is a grade B violation. |

*Petition for Warrant or Summons*
Name of Offender           :     *Xavier Benson*
Case Number                :     *A04-024 CR (JWS)*

U.S. Probation Officer Recommendation:

    The term of supervised release should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

                                     Respectfully submitted,

                                     /s/ Travis Lyons
                                     Travis Lyons
                                     U.S. Probation/Pretrial Services Officer
                                     Date: February 2, 2006

Approved by:

/s/ Eric D. Odegard
Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]    *The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]    Other:

Petition for Warrant or Summons
Name of Offender       :    Xavier Benson
Case Number            :    A04-024 CR (JWS)

_____
John W. Sedwick
Chief U.S. District Court Judge

2-2-06
_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>Xavier Benson | )<br>)<br>) Case Number: A04-024 CR (JWS)<br>)<br>) DECLARATION IN SUPPORT OF PETITION<br>) **SUPPLEMENT**<br>)<br>)<br>) |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Xavier Benson, and in that capacity declare as follows:

On January 30, 2006, a Petition to revoke Supervised Release was submitted to the Court alleging three violations of supervised release; to wit, submitting a false monthly supervision report/failing to disclose his physical address, submitting a false monthly supervision report/failing to disclose information regarding his personal vehicle, and failing to submit to urine testing as directed. A warrant was issued on January 30, 2006.

On February 1, 2006, the defendant was arrested for violating his supervised release. The defendant's residence was searched by U.S. Probation Officers and Special Agents from the Alcohol, Tobacco, and Firearms (ATF). That search revealed two firearms, an M-1 .30 caliber carbine and a Smith & Wesson .38 caliber revolver. Both firearms were in plain view with the M-1 carbine being on the floor by the couch and the revolver being on the floor next to an air-mattress in the defendant's bedroom.

That same search also revealed suspected crack cocaine located on a speaker next to the entertainment center, a small, digital scale, and numerous plastic "baggies". The cocaine weighed approximately 1.5 grams and has field tested positive for cocaine base.

Executed this 1st day of February, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

_____
Travis Lyons
U.S. Probation Officer
District of Alaska